JONES, Justice
(concurring specially):
Initially, I was inclined to affirm the trial court’s rulings and its judgment entered thereon. My further consideration, however, convinces me that the holding of the majority opinion is correct. While I am still of the opinion that the trial judge acted commendably in his handling of this matter once the jurors’ confusion was called to his attention, I nevertheless agree with the majority that reinstructing the jury and allowing them to return a “corrected” verdict was improper under the circumstances. After all, out of the court’s presence and after counsel for one of the parties had left the *989 courtroom, Plaintiff’s counsel had a conversation with one or more of the jurors concerning the form and substance of the verdict they had just returned. To allow the second verdict to stand, at the very least, gives the appearance of impropriety.
This in no way is intended to impugn the conduct of Plaintiff’s counsel. Indeed, I have no difficulty in the instant case in accepting, fully and completely, counsel’s version of what occurred between himself and the jurors. This encounter cleared up a misunderstanding and presented a result not intended by the jury that heard the case. That is served as a basis for a new trial can hardly be debated; but to reconvene this same jury, reinstruct them, and accept their “corrected” verdict as the basis for the court’s judgment is to risk bad precedent. Thus, I concur in the result to reverse and remand for a new trial.